IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANDREW CLUCK,

      **Plaintiff,**

  v.                                      Civil Action 2:22-cv-290

                                          Magistrate Judge Elizabeth P. Deavers

BRENTLINGER ENTERPRISES, INC. dba
MIDWESTERN AUTO GROUP, *et al.*,

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court to consider two motions filed by Defendants Brentlinger Enterprises dba Midwestern Auto Group (misidentified as Brentlinger Enterprises, Inc. in the Complaint) ("MAG") and Kirby Morrow ("Morrow" (collectively, "Defendants"). (ECF Nos. 17, 18.) Plaintiff Andrew Cluck has responded to both motions (ECF Nos. 21, 22) and Defendants have replied (ECF Nos. 28, 29). For the following reasons, the Motion for Judgment on the Pleadings (ECF No. 17) is **DENIED without prejudice.** Further, Defendants' Motion to Stay Discovery is (ECF No. 18) is **DENIED as moot**.

### I.

Plaintiff alleges that he was unjustly demoted and constructively terminated from his position at MAG following incidents of sexual harassment by Defendant Richard Hertenstein. Based on his factual allegations, Plaintiff asserts claims under Title VII and Ohio law for discrimination, sexual harassment, hostile work environment, retaliation, and constructive discharge. He also asserts a claim for the intentional infliction of emotional distress.

Defendants MAG and Morrow have moved for judgment on the pleadings, contending that Plaintiff's Complaint is barred by the doctrine of judicial estoppel because Plaintiff failed to

1

disclose his potential employment-related claims in his bankruptcy proceeding. Asserting that they have raised a "clear issue of judicial estoppel" likely to dispose of Plaintiff's claims, they simultaneously have moved for a stay of discovery until after a ruling on their dispositive motion. The Court considers these motions in turn.

## II.

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to "move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Jackson v. Prof'l Radiology, Inc.*, 864 F.3d 463, 465–66 (6th Cir. 2017.)

To survive a motion for judgment on the pleadings, Plaintiff's "factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible." *Fritz v. Charter Twp. Of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). To show grounds for relief, Rule 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Rule "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings offering mere "labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* In fact, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In deciding a Rule 12(c) motion, the Court "must take all the 'well-pleaded material allegations of the pleadings of the opposing party' as true." *Cincinnati Ins. Co. v. Beazer Homes Invs., LLC*, 594 F.3d 441, 445 (6th Cir. 2010) (quoting *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006)). But the court "need not accept as true legal conclusions or

unwarranted factual inferences." *Jackson*, 864 F.3d at 466 (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

Accordingly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.  A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n] – 'that the pleader is entitled to relief,'" judgment on the pleadings shall be granted.  *Id.*

### III.

Defendants contend that, under relevant bankruptcy provisions, it is well-settled that a cause of action is an asset and, therefore, Plaintiff had a duty to disclose any potential claim when he filed his bankruptcy Petition on November 15, 2019.  Defendants assert that, contrary to this obligation, when filing his Petition Plaintiff swore under oath that he did not have any claims against third parties and specifically swore that he did not have any employment-related claims.  According to Defendants, upon that initial filing and three subsequent amendments, Plaintiff had knowledge of the factual basis for his claims here because his allegations of discrimination, retaliation, and a hostile work environment relate to conduct that occurred prior to November 15, 2019.  Finally, Defendants explain that the bankruptcy court accepted Plaintiff's denials and granted him a discharge of his debts.  Defendants have attached to their Answer copies, many of them certified, of Plaintiff's bankruptcy filings.

"In ruling on a motion for judgment on the pleadings, the Court considers the pleadings, which includes the complaint, answer, and any written instruments attached as exhibits." *Williams v. Sterling Jewelers, Inc.*, No. 1:19-CV-70, 2019 WL 5587025, at *2 (S.D. Ohio Oct. 30, 2019), *report and recommendation adopted*, No. 1:19CV70, 2020 WL 42815 (S.D. Ohio Jan. 3, 2020) (citing *Roe v. Amazon.com*, 170 F. Supp. 3d 1028, 1032 (S.D. Ohio 2016) (citing Fed. R. Civ. P. 12(c); Fed. R. Civ. P. 7(a)). Certainly, the Court may consider and take judicial notice of other court proceedings on a motion for judgment on the pleadings. *Armatas v. Haws*, No. 5:19-CV-02667, 2021 WL 414403, at *6 (N.D. Ohio Jan. 4, 2021), *report and recommendation adopted,* No. 5:19CV2667, 2021 WL 288170 (N.D. Ohio Jan. 27, 2021), *aff'd,* No. 21-3190, 2021 WL 5356028 (6th Cir. Nov. 17, 2021) (citing *Mango v. City of Columbus*, 2020 WL 5247939, *6 (S.D. Ohio Sept. 3, 2020) (considering motions to dismiss and motions for judgment on the pleadings); *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) ("[W]hen faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment.")). At the same time, courts have declined to consider documents attached to pleadings when there is a dispute as to their authenticity or completeness. *See Williams,* 2019 WL 5587025, at *2 (citing *AP Veach v. Blue Springs Sch. Dist.*, No. 4:15-cv-0033, 2015 WL 5853181, at *3 (W.D. Mo. Oct. 7, 2015) (court could not consider copy of insurance agreement on motion to dismiss where parties disputed the authenticity and completeness of the document); *see also Gascho v. Global Fitness Holdings, LLC*, 918 F. Supp. 2d 708, 720 (S.D. Ohio 2013) (court refused to consider unauthenticated copy of purported contract offered in support of a motion to dismiss where the plaintiff challenged the validity of the proffered document) (citation omitted)). That is the situation presented here.

Plaintiff has responded to Defendants' motion not by challenging the authenticity of the documents attached to Defendants' Answer but by disputing whether they accurately represent the complete record of his bankruptcy proceeding. Simply stated, in Plaintiff's view, they do not. Accordingly, Plaintiff requests the opportunity to more fully develop the evidence of record in this action. (ECF No. 21 at 4 "it is clear that the portions of [the] bankruptcy proceeding that were attached by Defendants are not an accurate depiction of [the] entire bankruptcy proceeding. The extrinsic evidence … is inconclusive and incomplete.") In particular, Plaintiff cites his need for the transcript /recording of his 341(c) hearing held on September 10, 2020. As support, Plaintiff attaches an affidavit from his bankruptcy counsel in which counsel avers that, at that hearing, Plaintiff testified under oath upon questioning from the bankruptcy trustee regarding his pending EEOC claim. (Affidavit of Attorney Bryan Barch, ECF No. 21-1, at ¶ 3.)

On this record and drawing all reasonable inferences in favor of Plaintiff as the Court is required to do, the Court concludes that it is inappropriate to consider the attachments to Defendants' Answer at this current stage. *See, e.g., Williams* 2019 WL 5587025, at *3 (declining to consider documents when plaintiff challenged their authenticity and sought to conduct discovery; denying motion for judgment on the pleadings). Accordingly, the motion for judgment on the pleadings is **DENIED without prejudice** to Defendants' ability to raise the issue of judicial estoppel as appropriate at a later time.

Further, as noted, Defendants also moved for a stay of discovery pending a ruling on their motion for judgment on the pleadings. Because the motion for judgment on the pleadings is denied on the current record, the motion to stay discovery is **DENIED as moot.** Defendants' initial disclosures are due within **FOURTEEN DAYS** of the date of this Opinion and Order**.**

5

IV.

Finally, the Court notes that, in his response, Plaintiff appears to request an opportunity to amend his Complaint. However, he has failed to describe his intended amendments with any specificity and has not tendered a proposed amended complaint for the Court's consideration. Absent a proposed amended pleading, the Court is unable to evaluate any request to amend.

Accordingly, if Plaintiff seeks to amend his Complaint, Plaintiff is **DIRECTED** to file a substantive motion for leave to amend with a copy of his proposed amended complaint appended thereto within **FOURTEEN DAYS** of the date of this Opinion and Order. The default briefing schedule will then apply for purposes of any responses or reply.

V.

For these reasons, the Motion for Judgment on the Pleadings (ECF No. 17) is **DENIED without prejudice** to Defendants' ability to raise the issue of judicial estoppel as appropriate at a later time either by way of a renewed motion for judgment on the pleadings or other dispositive motion. Further, Defendants' Motion to Stay Discovery (ECF No. 18) is **DENIED as moot**. The temporary stay entered March 24, 2022 is **LIFTED.** Defendants are **DIRECTED** to provide their initial disclosures to Plaintiff within **FOURTEEN DAYS** of the date of this Opinion and Order. The parties are **DIRECTED** to submit a revised Rule 26(f) Report within **FOURTEEN DAYS** of the date of this Opinion and Order. Finally, if Plaintiff seeks to amend his Complaint, Plaintiff is **DIRECTED** to file a substantive motion seeking leave to amend with a copy of his proposed Amended Complaint within **FOURTEEN DAYS** of the date of this Opinion and Order. The default briefing rules shall then apply.

**IT IS SO ORDERED.**

Date: August 10, 2022  /s/ Elizabeth A. Preston Deavers
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE